# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN DILLARD,<br><br>　　　　Defendant. | No. 1:15-CR-00170-SAB<br><br>**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE** |

　　Before the Court are Defendant's Emergency Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c) (Compassionate Release), ECF No. 65, and Motion to File Overlength Reply Brief, ECF No. 70. Defendant is represented by William Miles Pope. The United States is represented by Justin Whatcott.

　　Defendant asks the Court to reduce his sentence to time served. The Court sentenced Defendant to 87 months incarceration and a lifetime term of supervised release after Defendant plead guilty to Possession and Access with Intent to View Child Pornography, ECF No. 59. Defendant is currently serving his sentence at FCI-Terminal Island, San Pedro, California. When Defendant filed his motion, there were no confirmed positive COVID-19 cases at Terminal Island. In his April 24, 2020 reply, Defendant reported the number had risen to 65 confirmed positive COVID-19 cases among inmates. Today, on April 27, 2020, that number stands at

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE ~ 1**

105 confirmed positive COVID-19 cases.[1] FCI-Terminal Island is overcrowded. Defendant indicates that FCI-Terminal Island was built for 779 people. Currently, it houses 1055 inmates.

     Defendant has serious health issues, including obesity, diabetes, hypertension, chronic obstructive pulmonary disease (COPD), and severe mental health problems, including schizophrenia. Defendant's IQ is 76, which indicates borderline intellectual functioning. He ambulates with a walker. It is undisputed that his age and medical conditions place him among the population most at-risk from COVID-19.

     On March 25, 2019, Defendant submitted a compassionate release request to his warden, citing his age, diabetes, and his schizophrenia. As of April 10, 2020, the date he filed his Motion, the warden has not responded to his request.

     The United States objects to Defendant's request for compassionate release. It points out that Defendant has only served approximately 41 months of the 87-month sentence and therefore he has yet to receive sex offender treatment because he has more than 36 months to serve on his sentence. The United States asks the Court to deny the motion without prejudice so Defendant can renew his motion once he can show that he has complied with the statutory exhaustion requirement. The United States maintains that before the Court can rule on Defendant's Motion, Defendant must ask the warden to file a motion on his behalf and give the warden thirty days to consider his request. The United States does not believe his March 25, 2019 request to the warden meets the exhaustion requirement. The United States also argues Defendant has not shown that he is no longer a danger to the community nor that the 3553(a) factors support his request.

//

//

---

[1] https://www.bop.gov/coronavirus/index.jsp.

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE ~ 2**

Defendant brings his motion pursuant to 18 U.S.C. 3582(c)(1)(A).[2] Under this provision of the First Step Act, Defendant can seek compassionate release after exhausting administrative remedies within the Bureau of Prisons. § 3582(c)(1)(A). He may be eligible for compassionate release if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and Defendant is determined not to pose a risk of danger to the community and also finds a sentence reduction is consistent with United States Sentence Commission policy statements. *Id.* The Sentencing Guidelines instruct the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and provide that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

---

[2] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
  (1) in any case--
    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
      (i) extraordinary and compelling reasons warrant such a reduction; or
      (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.
18 U.S.C. 3582(c)(1)(A).

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE ~ 3**

The Court finds Defendant has exhausted his administrative remedies as required by the First Step Act. Defendant made the required request for compassionate release (CR) from the warden over 14 months ago. The statute gives the Court the opportunity to be involved 30 days after such a request is made. The statute does not require issue exhaustion as argued by the United States and even if the Court was inclined to impose that requirement, it would be futile. The Court is frustrated by the fact that the warden has apparently ignored the first request. There is nothing in the record to suggest a second request by Defendant would be treated in any other way. By ignoring these requests, the warden is inviting the Court's involvement. This Court will accept that invitation. The COVID-19 pandemic requires action, and the Court is not willing to wait.

The Court finds that extraordinary and compelling reasons justify a sentence reduction to time served. The Court does not diminish the seriousness of Defendant's conduct and it sentenced him accordingly in 2017. However, the circumstances have changed in an extraordinary and compelling way. The COVID-19 virus is rapidly impacting Defendant's prison location, FCI-Terminal Island, which is overcrowded. It puts everyone at risk of infection, particularly medically vulnerable people such as Defendant. The BOP is no longer able to safeguard Defendant's health as before the pandemic. Defendant's health cannot be protected adequately in an overcrowded federal prison, but the safety of the community can be protected in ways other than by incarcerating Defendant.

Releasing Defendant to serve his term of supervised release will not endanger the community and will adequately punish him. He has already served 41 months of his sentence. Defendant was placed on pre-trial supervision pending the resolution of the criminal charges. He had no infractions, demonstrating that he would be able to comply with the conditions of supervised release. The Court is optimistic and confident that he will do well on supervised release now.  He has significant family support. The way to keep Defendant from reoffending is to keep

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE** ~ 4

the internet out of his home, or password-protect any devices. This can be accomplished by his family and supervision from the U.S. Probation. He can also participate in sex offender treatment as soon as it is safe to do so.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Emergency Motion for Reduction of Sentence Pursuant to 18 U.S.C. 3582(c) (Compassionate Release), ECF No. 65, is **GRANTED**.

2. Defendant's Motion to File Overlength Reply Brief, ECF No. 70, is **GRANTED**.

3. Simultaneously herewith, the Court will enter an Amended Judgment imposing a sentence of "time served."

4. Defendant is subject to the conditions of supervised release previously imposed. An additional condition of supervised release permits the United States Probation to limit Defendant's access to the internet, as appropriate.

5. The United States Marshal Service and/or the United States Bureau of Prisons shall promptly release Defendant from custody.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel and U.S. Probation.

**DATED** this 27th day of April 2020.

_Stanley A. Bastian_
U.S. District Judge

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR REDUCTION OF SENTENCE ~ 5**